BARHAM, Justice
(dissenting from refusal to grant writ).
This court has refused this writ with the statement that the application is premature. The application is not premature. Rather, it is overripe to the point of putrescence. Louisiana Code of Criminal Pro' cedure Article 354 states in mandatory language:
“The court to which the application is presented shall immediately grant a writ of habeas corpus, unless it appears by the petition itself or the documents annexed to it that the person in custody is not entitled to be set at liberty. The writ may issue at any time ' * * *, and shall fix the place and time for the answer, which shall be as early as practicable, and which, in cases where the person * * * is * * * im *295 prisoned after sentence shall not exceed fifteen days * * (Emphasis supplied.)
Article 357 of that Code requires that the person as well as the answer be produced in court at the time designated by the writ. Relator here filed his application in the district court on November 10, 1971. The application was not denied, nor did a writ issue directing answer and the production of the relator in court within 15 days. More than 30 days later, on December 15, 1971, the district court fixed the return date for the writ, but even then its order did not comply with the mandatory 15-day requirement. Instead the writ hearing was fixed for January 13, 1972, almost 30 days after the date of that order and more than 60 days from the date of the application. Today, as we refuse this application for mandamus, there has still been no hearing, in total disregard of the dictates of Articles 354 and 357. Yet we declare...->relator’s application premature!
I strongly dissent .from the acquiescence of this, the highest, court of the state, in a lower court’s total disregard of legal man-, dates — a court over which we exercise constitutional supervisory power. The particular district from which this application emanates has repeatedly disregarded the legal mandates for prompt disposition of writ applications. Various divisions of that court have received judicial orders of mandamus from this court as well as administrative warnings in regard to repeated non-compliance with the law. The majority’s action today constitutes a failure to exercise this court’s constitutional obligation to supervise the lower court.
I respectfully dissent.